*John J. Townsend,* for the appellant.   *William C. De Witt,* for the respondents.

Opinion by DYKMAN, J.

Present — PRATT and DYKMAN, JJ.   BARNARD, P. J., not sitting.

Judgment affirmed, with costs.

---

ELIZA A. HASBROUCK, APPELLANT, *v.* DAVID J. BLAUVELT AND CHARLES HASBROUCK, EXECUTORS OF, ETC., OF MOSES C. HASBROUCK, RESPONDENTS.

*Cause of action — fraud of executors — inducing plaintiff to accept worthless securities as cash — liability of estate.*

APPEAL from an order made at the Circuit directing that the complaint herein be dismissed.

The court at General Term say : " We think the complaint sufficiently states a cause of action.   It avers that the plaintiff had a claim against the estate of Moses C. Hasbrouck.   That this claim was admitted by both defendants, and was agreed to be paid by them in cash.

That Blauvelt, one of the executors, fraudulently induced the plaintiff to accept worthless securities as cash.   That the securities were not delivered to plaintiff, but still remain in the possession of said Blauvelt.   The plaintiff by this action seeks to set aside the agreement to receive the securities as cash, and to be permitted to recover judgment against the estate for the amount of her claim.

It does not distinctly appear to whom the securities belonged, whether to the estate, or to Blauvelt, or to strangers.   In the absence of evidence creating an estoppel against plaintiff it would make no difference.

The estate cannot be permitted to be benefited through the fraud of one of the executors.   If the estate owned the worthless securities and fraudulently induced plaintiff to accept them, of course it was no payment."

*Wilson & Smith*, for the appellant.  *C. P. Hoffman*, for the respondents.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., and PRATT, J.  DYKMAN, J., not sitting.

Order dismissing complaint reversed and new trial granted.

---

ELIZABETH ALLEN AS ADMINISTRATRIX, ETC., OF PHILIP EIGHMIE, DECEASED, RESPONDENT, v. JEREMIAH EIGH-MIE, APPELLANT.

*Appointment of administratrix — relates back to death of intestate — effect of, on agreements entered into by administratrix before her appointment as such.*

APPEAL from an order of the Special Term striking out a portion of the defendant's answer as irrelevant.

On the 8th of December, 1875, plaintiff was appointed administratrix of Philip Eighmie, who died intestate, April 12, 1870.

This action was brought to recover certain property of the intestate taken and retained by the defendant.  The latter set up in his answer that, on or about the 16th day of April, 1870, defendant being next of kin to the said Philip Eighmie, deceased, and plaintiff the widow of said deceased, and said deceased dying without issue, entered into an agreement, by the terms of which defendant was to collect the said notes and checks belonging to the estate of the said Philip Eighmie, deceased, and from the sums so collected pay all just claims, debts and demands against the said estate, and in favor of parties other than this defendant, and that the sums in his possession, and to recover which this action was brought, were collected thereunder.

This defense was stricken out as irrelevant.  Upon appeal, the court at General Term say :

" The appointment of plaintiff as administratrix of the estate of Philip Eighmie, relates back to the time of death of the intestate. (*Vroom* v. *Van Horne*, 10 Paige, 549.)